UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES SAILER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ARMY RECRUITING, DEPARTMENT OF THE ARMY,<br><br>    Defendants. | NO.  CV-07-102-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss (Ct. Rec. 3). This motion was heard without oral argument. The Government moves for an order dismissing Plaintiff's Complaint on the grounds that his claims are barred by the *Feres* doctrine, the statute of limitations, and the doctrine of *res judicata*. The Government brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff, who is acting *pro se*, did not file any response to this motion.

To survive a motion to dismiss for lack of subject matter jurisdiction made pursuant to Rule 12(b)(1), the non-movant must "'present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (citation omitted). The court may rely upon affidavits or other evidence properly brought before the court by the moving party. *Id*. Weighing this evidence, the court may then resolve factual disputes, without giving "presumptive truthfulness" to the plaintiff's allegations. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citations omitted).

Here, in addition to Plaintiff's Complaint, the Government has submitted

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 1

several orders dismissing similar claims brought by Plaintiff against the Government and various other defendants in the United States District Court, District of North Dakota. In this case, Plaintiff claims U.S. Army recruiting personnel falsely completed his enlistment contract and obtained his signature by deception. Plaintiff alleges this contract was subsequently issued to Fort Lewis, Washington, where personnel falsely obtained his signature on a "slanderous and underhonorable discharge report," and that this report prevented his future enlistment opportuny and ruined his armed forces career endeavors. (Ct. Rec. 1). Plaintiff does not include any dates or other information. He brings his claims under Washington Revised Code § 9A.60.020 (forgery) and § 9A.60.030 (obtaining a signature by deception or duress).

From the Government's exhibits, it appears the events alleged in the Complaint occurred between 1971 and 1973 while Plaintiff was enlisted in the U.S. Army. As the orders out of the District of North Dakota clearly state, Plaintiff's claims are barred under the *Feres* doctrine, *res judicata*, and the statute of limitations. *See Sailer v. Army Recruiter*, 1:06-CV-004 (D.N.D. 2006); *Sailer v. Dep't of U.S. Army*, 1:05-CV-074 (D.N.D. 2005); *Sailer v. Dep't of U.S. Army*, 1:04-CV-053 (D.N.D. 2004); *Sailer v. United States*, 3:86-CV-01 (D.N.D. 1986). These cases were dismissed on July 14, 1986; July 1, 2004; December 14, 2005; and April 12, 2006.

A.    *Feres* Doctrine

In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court held that the Government is not liable for injuries to service members where the injuries arise out of or are in the course of activity incident to service. The Government here asserts Plaintiff's claims of recruiter misconduct and slanderous discharge are clearly "incident to service," and the Court agrees. Therefore, Plaintiff's claims are barred by the *Feres* doctrine and are dismissed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 2

**B.    *Res Judicata***

Alternatively and additionally, Plaintiff's claims are barred by the doctrine of *res judicata*. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* applies whenever there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

It is clear that Plaintiff's previous complaints filed in the District of North Dakota included parties that are legally identical, if not identical in fact, to Defendants here. All of his complaints have named either the U.S. Army or military personnel; they have all included allegations of fraud or forgery as to his enlistment contract; and at least three of them have included allegations of a slanderous discharge. Moreover, Plaintiff has had every opportunity to fully and fairly litigate his claims before receiving the final judgments on their merits. Accordingly, Plaintiff's claims are barred by the doctrine of *res judicata*.

**C.    Statute of Limitations**

Under the Federal Tort Claims Act, 28 U.S.C. § 2401, it is clear that claims against the United States must be commenced within six years. Plaintiff's claims appear to have arisen sometime in the 1970s. If he was not aware that his cause of action accrued at that time, he was certainly aware of it in 1986 when he filed his first suit in the District of North Dakota, *Sailer v. United States, et al.*, Civil No. A3-86-01 (D.N.D. 1986). The claims alleged in this case appear to arise out of the same facts and circumstances as the claims asserted in his 1986 case, along with those asserted in his 2004, 2005, and 2006 cases. Therefore, Plaintiff's claims are barred by the statute of limitations outlined in § 2401.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion to Dismiss (Ct. Rec. 3) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 3

2. The above-captioned matter is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to Plaintiff and to counsel, and **close the file**.

**DATED** this 23rd day of May, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Sailer\dismiss.ord.wpd

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 4